**The below described is SIGNED.**

**Dated: August 05, 2009**

*(signature)*

**JUDITH A. BOULDEN
U.S. Bankruptcy Judge**

_____

*Prepared By:*

Matthew M. Boley, Esq. (8536)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:   (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* creditor FIRST COMMUNITY BANK

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: **HIGH PLAINS REAL ESTATE GROUP, LLC,** Debtor. | Bankruptcy No. 09-24765 JAB<br>Chapter 11<br>Honorable Judith A. Boulden<br>[FILED ELECTRONICALLY] |
|---|---|

**ORDER PERMITTING EXAMINATION OF DEBTOR UNDER RULE 2004 AND
DIRECTING DESIGNATION PURSUANT TO RULE 7030(b)(6)**

Upon the motion (the "Motion") of First Community Bank (the "Bank") for an Order permitting the examination of High Plains Real Estate Group, LLC (the "Debtor") under Federal Rule of Bankruptcy Procedure 2004 and 7030(b)(6), and good cause appearing therefore, it is hereby,

**ORDERED**, that the Debtor shall **produce, for inspection and copying, any and all records and documents** identified on Exhibit "B" hereto, in accordance with the definitions and instructions identified on Exhibit "A" hereto.  Such documents and records shall be produced at the offices of PARSONS KINGHORN HARRIS located at 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111 (the "**Production Site**"), on August 18, 2009, or, if mutually agreed upon by

{00070731.DOC /}             1

the Debtor and the Bank, at an earlier date and time convenient to the parties. Further, if certain documents or electronic records are incapable of being produced for copying and inspection at the Production Site, the Debtor shall provide access to such documents or electronic records in the location where they generally are stored, on a date and time convenient to the parties on or before August 18, 2009; it is

**FURTHER ORDERED**, that, on September 9, 2009, at the hour of 9:30 a.m., at the offices of PARSONS KINGHORN HARRIS located at 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111, the Debtor shall appear and submit to **oral examination** as to the matters and subjects identified on Exhibit "C", under oath before a certified court reporter, and, for purposes of said examination, shall designate and produce one or more officers, directors, managing agents, or other agents and employees who consent to testify on its behalf and are the officers, directors, managing agents, or other agents or employees most knowledgeable as to the matters and subjects identified on Exhibit "C".

— END OF ORDER —

**DESIGNATION OF PARTIES TO BE SERVED**

The undersigned hereby designates the following parties to be served a copy of the foregoing **ORDER PERMITTING EXAMINATION OF THE DEBTOR UNDER RULE 2004 AND DIRECTING DESIGNATION PURSUANT TO RULE 7030(b)(6)**:

**By U.S. Mail, first-class, postage prepaid to the following:**

Tyler J. Jensen
LeBaron & Jensen
476 West Heritage Park Boulevard, Suite 200
Layton, UT 84041

Peter J. Kuhn
Office of the United States Trustee
Ken Garff Building
405 South Main, Suite 300
Salt Lake City, UT 84111

**By Electronic Service to the Following:**

Matthew M. Boley
mmb@pkhlawyers.com

Office of the United States Trustee
USTPRegion19.sk.ecf@usdoj.gov

        /s/ Matthew M. Boley
        Matthew M. Boley

{00070731.DOC /}

## EXHIBIT A

**DEFINITIONS**

The following words and terms, as used herein, have the meanings set forth below and also require that you produce the documents as set forth herein.

1. "You," "your," and "yourself" refers to High Plains Real Estate Group, LLC (the "Debtor") and each person acting or purporting to act on the Debtor's behalf.

2. "Bank" means First Community Bank.

3. "Property" means the property located at 1255 East 3900 South, Salt Lake City, Utah 84124, which is covered by a first lien held by the Bank.

4. "Document" means all written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, now or at any time in your possession, custody, or control, or that of your agents, employers, attorneys, or representatives, including without limitation, correspondence, memoranda, interoffice communications, written notes, records of telephone conversations, telephone messages, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stock certificates, stock powers, confirmation slips, account statements, offering circulars, prospectuses, private placement memoranda, pink sheets, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. The term "document" also means a copy where the original is not in your possession, custody, or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

5. "All." The term "all," such as in "all documents," means "each and every document."

{00070731.DOC /}                                  2

6.  "Any," "each."  The terms "any" or "each" shall be understood to include "all."

7.  "Or." The word "or" appearing in a request for documents should not be read so as to eliminate any part of the request for documents, but, wherever applicable, should be given the same meaning as "and."

**INSTRUCTIONS**

A.  The Documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person action on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

B.  As to each request, you are requested to produce the Documents as they are kept in the ordinary course of business or to produce them organized and labeled to correspond with the categories of Documents identified on Exhibit B.

C.  If you are unable to produce any Document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request.  You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control.  You shall also state, for each Document or category of Documents, the name and address of any Person known or believed by you to have possession, custody or control of such Document or category of Documents.

D.  If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any Documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection.

E.  If privilege or work product protection is claimed as a ground for withholding one or more Documents, in whole or in part, you are requested to state separately for each Document:

> a. The nature of the privilege or other ground on which the Document is withheld;
>
> b. The nature of the Document (e.g., letter, memorandum, notes, disk);
>
> c. The date(s) it bears;
>
> d. The identity of each Person sending it;
>
> e. The identity of each Person to whom it was sent or who received or reviewed a copy (regardless of whether such fact is indicted on the Documents);
>
> f. The identity of each Person preparing it;
>
> g. A statement as to whom each Person who prepared, sent, received or reviewed the Document represented or purported to represent;
>
> h. A statement of the subject matter of the Document;

{00070731.DOC /}                                3

    i. A precise description of the place where the Document is kept; and

    j. The Request for Production of Documents to which the Document withheld is responsive.



---

# EXHIBIT B

---

**REQUESTED DOCUMENTS**

1. All Documents related to the Debtor's finances within the preceding 24 months, including financial statements, financial reports, earnings statements, profit and loss records, income statements, accounting records, ledgers, spreadsheets, accounts receivable, accounts payable, and correspondence.

2. All Documents related to the Debtor's financial accounts, including account ledgers, account statements, cancelled checks, bank records, and correspondence.

3. All Documents related to the Debtor's local, state, and federal taxes, including property tax records, state tax returns, federal tax returns, tax accounting records, ledgers, spreadsheets, invoices, appraisals, tax records, and correspondence.

4. All Documents related to all of the Debtor's monetary receipts and disbursements within the preceding 24 months, including accounting records, ledgers, spreadsheets, accounts receivable, accounts payable, account statements, cancelled checks, bank records, and correspondence.

5. All Documents related to the Debtor's accounts receivable within the preceding 24 months.

6. All Documents related to the Debtor's accounts payable within the preceding 24 months.

7. All Documents related to the Debtor's leases of the Property, including lease agreements, lease files, payment records, and correspondence.

8. All Documents related to the Debtor's efforts to market the Property for sale or lease within the preceding 24 months.

9. All Documents related to the Debtor's maintenance of the Property.

10. All Documents related to the Debtor's employment of its employees, including corporate structure, payroll records, cancelled checks, employee policies, employee handbooks, employment records, and correspondence.

## EXHIBIT C

**MATTERS AND SUBJECTS OF EXAMINATION**

The Definitions set forth in Exhibit A apply to the following list of matters and subjects of examination.

1. Any and all monies received by the Debtor from its tenants.

2. All monetary receipts of and disbursements made by the Debtor in the preceding 24 months.

3. The Debtor's finances, including the Debtor's income, gains and/or losses in connection with the leases of the Property.

4. The Debtor's financial accounts.

5. The Debtor's taxes.

6. The Debtor's accounts receivable within the preceding 24 months.

7. The Debtor's accounts payable within the preceding 24 months.

8. Leases associated with the Property.

9. The Debtor's tenants.

10. Payment of rents associated with the leases of the Property.

11. The Debtor's efforts to market the Property for lease or sale over the preceding 24 months.

12. The Debtor's maintenance of the Property.

13. The Debtor's management of the Property.

14. The Debtor's employment of its employees and its corporate structure.

15. The Debtor's disposition and allocation of rents received from its tenants.